IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PAUL HARRIS, ADC #154185                                                              PETITIONER

v.                                          5:14CV00254-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

---

[1]The Petition named Ray Hobbs as the Respondent. Mr. Hobbs retired on October 31, 2014, and was replaced by Larry Norris as Interim Director. Wendy Kelley was appointed as Director on January 13, 2015. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kelley is automatically substituted as the Respondent in place of Mr. Hobbs.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.  BACKGROUND**

On January 22, 2013, Petitioner, Paul Harris, pleaded guilty to rape in Little River County Circuit Court and was sentenced to 180 months imprisonment. (Doc. No. 2.) The circuit court entered a sentencing order the next day. (Doc. No. 7-1.) The conviction arises from Mr. Harris, at age eighteen, engaging in sexual intercourse with a minor under the age of fourteen. (Doc. No. 16-1 at 7-8.)

Mr. Harris failed to check the box indicating he had filed for postconviction relief in his current habeas Petition. However, he had filed in Little River Circuit Court a petition for writ of *error coram nobis* on October 23, 2013, and a state petition for writ of habeas corpus on January 16, 2014. (Doc. No. 12.) The circuit court denied his petitions on November 5, 2013, and February 6, 2014, respectively. (Doc. No. 16.)

Mr. Harris filed the instant federal habeas Petition and accompanying brief on June 30, 2014. (Doc. Nos. 2, 3.) He alleges 1) actual innocence; 2) his trial counsel was ineffective; 3) he was

2

denied due process; 4) DNA testing should have been done; 5) he was not given *Miranda* warnings before making an in-custody statement; and 6) he was mentally incompetent to enter a guilty plea.[2] To support his actual innocence claim, Mr. Harris submitted a September 17, 2012, recantation letter written by the minor victim. (Doc. No. 2.)

Respondent opposes the Petition by arguing it is time barred and the claims made are procedurally defaulted. (Doc. No. 7.) In calculating the limitations period, Respondent stated, "Petitioner did not file a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. Nothing further occurred in petitioner's case until he filed his present § 2254 petition. . . ." (*Id.* at 1.) But Mr. Harris objected and provided file-marked copies of his petition for writ of *error coram nobis* and state petition for writ of habeas corpus. (Doc. No 12.)

In light of the new information, the Court ordered the parties to respond regarding the impact of the postconviction filings on the time bar argument and to address the recantation letter as it relates to actual innocence. (Doc. No. 15.) Respondent filed a Supplemental Response on December 29, 2014, arguing that, regardless of the tolling caused by the postconviction petitions, Harris's federal habeas Petition is still time barred. (Doc. No. 17 at 1-3.) Respondent further argues the recantation letter does not support a claim of actual innocence. (*Id.* at 3-6.)

The Court has carefully considered the pleadings in this matter and the applicable laws. For the following reasons, the Court finds the Petition should be dismissed.

---

[2]In addition to requesting release from prison, Mr. Harris seeks money damages against Respondent Ray Hobbs for wrongfully incarcerating him. (Doc. No. 3.) Damages are not available in federal habeas corpus proceedings, *Preiser v. Rodriguez*, 411 U.S. 475, 493-94 (1973), and as Respondent correctly asserts, Mr. Hobbs and Ms. Kelley had nothing to do with Mr. Harris's prosecution, plea, or sentence in circuit court.

## II.    ANALYSIS

### A.    Statute of Limitations

Respondent argues that Mr. Harris's Petition is untimely based upon the one-year period of limitation imposed by Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. Nos. 7, 16.) Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Harris pleaded guilty, and, therefore, did not appeal his conviction. *See* Ark. R. App. P.-- Crim.1(a) (no right to direct appeal from an unconditional guilty plea). The

judgment became final on February 22, 2013 - thirty days after the entry of Little River County Circuit Court's sentencing order.[3]

Mr. Harris filed the Petition 128 days later, on June 30, 2014. But the statute was tolled by the timely filing of both the petition for writ of *error coram nobis* and state petition for writ of habeas corpus. The order denying the petition for writ of *error coram nobis* was entered thirteen days later, on November 5, 2013. (Doc. No. 12.) The order denying the petition for habeas corpus was entered twenty-one days later, on February 6, 2014. (*Id.*) The combined tolling was thirty-four days, giving Mr. Harris until March 28, 2014, to file his federal habeas Petition. However, the Petition was not filed until June 30, 2014 - ninety-four days past due.

Petitioner does seek equitable tolling (Do. No. 13) and argues that the statute of limitations does not apply. (Doc. No. 12.) Yet he fails to offer any support for either position. And after close scrutiny of this matter, the Court finds no basis for tolling. Therefore, the Court finds the Petition is time barred.

**B.     Actual Innocence**

To establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). In *McQuiggin v. Perkins*, 569 U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the AEDPA statute of limitations." (*Id.*)  See also *Kidd v. Norman*, 651 F.3d 947, 951-52 (8th Cir. 2011).

---

[3]Respondent states the limitations period should begin on January 23, 2014. (Doc. No. 16.) However, the Eighth Circuit recently ruled in *Manuel Enrique Camacho v. Ray Hobbs*, 2015 WL 249409 (8th Cir. Jan. 21, 2015), that, when an Arkansas petitioner pleads guilty, the judgment becomes final thirty days after the entry of the judgment, on the state court's expiration date for filing a direct appeal.

However, Mr. Harris is unable to sufficiently prove actual innocence in this postconviction context. Harris's claim is based on a letter dated September 17, 2012, in which the minor victim states she lied about having sexual intercourse with Mr. Harris. (Doc. Nos. 2, 12, 17.) While the letter raises some question about the underlying facts for Mr. Harris's rape conviction, it fails to support a claim of actual innocence. To raise of claim of actual innocence, a petitioner must establish that (1) *new* and *reliable* evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. See *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). The letter is dated several months *before* Mr. Harris entered his plea of guilty. Therefore, the letter cannot be considered new evidence.

Petitioner's claim that he was not eighteen at the time of the offense gives this Court some pause. However, in his latest Reply, the Court notes that Mr. Harris *walks a careful line* in making a challenge to this fact. (Doc. No. 17.) The Court also notes that, based on the extreme differences in handwriting, it appears someone other than Mr. Harris composed this reply. (*Id.*) More importantly, the Reply does not state Mr. Harris was under the age of eighteen at the time of offense. Rather, it calls into question whether it was Mr. Harris or his counsel who admitted he was eighteen at the time of the offense. (*Id.* at ¶¶ 2-3.)

At his change of plea hearing, the court asked Mr. Harris if he had "engage[d] in sexual intercourse with someone who was less than fourteen." (Doc. No. 16-1 at 7.) He replied that he was "seventeen at the time." (*Id.*) But the prosecutor responded that the relationship had started when Mr. Harris was seventeen and continued until he was eighteen. (*Id.*) Then, Mr. Harris's counsel stated, "[W]e will stipulate that the records will show that and when he was picked up he was advised of his rights and he did admit to doing that, Judge, to the officer." (*Id.*)

6

At no time during the change of plea hearing did Mr. Harris or his counsel deny Harris had a sexual relationship with the minor victim after attaining the age of eighteen. The court gave Petitioner every opportunity to change his mind or make a statement after his attorney had stipulated to these facts, but Mr. Harris said nothing. Of note are the following exchanges between the judge and Mr. Harris:

> The Court: You also understand, Mr. Harris, that once you are released you will be required to register as a sex offender after you are released? Do you understand that?
>
> Defendant Harris: Yes, sir.
>
> The Court: Do you want to me to accept this or not?
>
> Defendant Harris: Yes, sir.
>
> The Court: Is that a yes?
>
> Defendant Harris: Yes, sir.

(Doc No. 16-1 at 8.)

> And again after sentencing Petitioner:
>
> The Court: Anything else, Mr. Harris? Anything at all?
>
> Defendant Harris: No, sir.
>
> The Court: Mr. Buchanan?
>
> Mr. Buchanan: No, sir.

(*Id.* at 9.)

After careful review of the transcript of the plea hearing, the Court finds no merit to Mr. Harris's argument. He had ample opportunity to tell the court about the letter or state that he did not continue his relationship with the victim after turning eighteen. Defense counsel's in court stipulation reveals Mr. Harris did admit he was eighteen when he had sexual intercourse with

7

someone under the age of fourteen. Accordingly, Mr. Harris's actual innocence claim should be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred. Therefore, no certificate of appealability should be issued.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2. A certificate of appealability should not be issued.

DATED this 29th day of January, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE